**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**SHANE R. MUENCH,**

        Plaintiff,

v.                             **CIVIL ACTION NO. 3:07-CV-104
(BAILEY)**

**CHEVY CHASE BANK, F.S.B.,**

        Defendant.

## MEMORANDUM ORDER GRANTING
## MOTION TO QUASH SERVICE OF PROCESS

Pending before this Court are defendant's Motion to Quash Service of Process (Doc. 5) and Defendant Chevy Chase Bank, F.S.B.'s Motion to Dismiss or, Alternatively, for a More Definite Statement (Doc. 7).  For the reasons hereinafter stated, this Court **GRANTS** the Motion to Quash Service of Process (Doc. 5) and **DENIES** the motion to dismiss as moot.

This civil action was filed on August 10, 2007, by Shane R. Muench, acting *pro se*. The plaintiff obtained a proper summons from the United States District Clerk's Office in Martinsburg.  He then mailed the summons and complaint to the defendant himself.  There is no dispute that the defendant received the summons and complaint.

The defendant has moved to quash service of process, citing the fact that Rule 4(c)(2) provides that "[s]ervice of process may be effected by any person who is not a party and who is at least 18 years of age."  The defendant is correct that the Federal Rules limit service of process to non-party adult persons.

Under the Federal Rules, however, a party can serve process if authorized by the rules of the state in which the district court is located. As noted by the authors of Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 1089.1 (2002), "[i]f the relevant state law does permit service by a party or minor, Rule 4(e)(1) and not Rule 4(c)(2) authorizes service by such an individual pursuant to state law in a federal court action."

An examination of the West Virginia Rules of Civil Procedure provides no solace for the plaintiff. Rule 4(c)(2) of the West Virginia Rules is identical to the language quoted above from the Federal Rule. Neither permits a party to effect service. In addition, the plaintiff sought to effect service in this case using certified mail, which is not recognized under Federal Rule 4, but is within West Virginia Rule 4. West Virginia's Rule 4, however, requires that certified mail service be sent by the Clerk, not the party.

For these reasons, the service upon the defendant by certified mail sent by the actual party is improper and must be quashed. The defendant's Motion to Quash Service of Process (Doc. 5) is hereby **GRANTED**. Accordingly, the plaintiff will have to reserve the defendant in accordance with the applicable rules.

In light of the above ruling, the Defendant Chevy Chase Bank, F.S.B.'s Motion to Dismiss or, Alternatively, for a More Definite Statement (Doc. 7) is **DENIED** as moot. The plaintiff should give serious consideration to amending his complaint to respond to the issues raised in the motion.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record

herein.

**DATED:** September 25, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE